IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MUSTAFAH CHISLEY,      *
        Plaintiff,
                                    *

v.                                       CIVIL ACTION NO.  DKC-08-2108
                                    *

JOHN ROWLEY, et al.,
       Defendants.                 *
                                   ******

## **MEMORANDUM**

On August 11, 2008, the court received Plaintiff Anthony Mustafah Chisley's civil rights complaint seeking injunctive relief and compensatory damages filed pursuant to 42 U.S.C. § 1983. Chisley alleged that prison officials subjected him to excessive force. Chisley further stated that he was denied his medically prescribed meals.[1] Paper No. 1.

Defendants filed a Motion for Summary Judgment, arguing that the Complaint should be dismissed due to Chisley's failure to exhaust administrative remedies as well as substantively addressing Plaintiff's complaint regarding the assault. Paper No. 18. Plaintiff has filed an opposition. Paper No. 21. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be denied.

### Background

Chisley alleges that on July 30, 2008, while handcuffed behind his back, he was subject to excessive force by correctional officers. He states he was denied medical attention. He also alleges that he had been repeatedly denied his special medical diet. Paper No. 1.

---

[1] Chisley has filed a separate civil rights complaint concerning denial of his medically prescribed meals. *See Chisley v. Rowley*, Civil Action No. DKC-08-2165 (D. Md. 2008). Accordingly, Plaintiff's claims regarding assignment to the special management meal and denial of his medically prescribed meals will be dismissed without prejudice.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

**1.     Exhaustion**

The court must first examine Defendants' assertion that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies.  The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court.  Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, the exhaustion provision plainly extends to Plaintiff's allegations.  His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority

denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners. If this request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The facts regarding Plaintiff's efforts to exhaust his administrative remedies are in dispute. Defendants maintain that Plaintiff never initiated the administrative remedy process regarding the assault. To the contrary, Plaintiff has provided as exhibits two informal inmate complaints concerning the assault, one on a Division of Correction form, the other written on plain paper. Paper No. 1, Attachment. Plaintiff states that he never received any response to these efforts to pursue administrative remedies and further states that in the past he has been prevented from accessing the administrative remedy process. Paper Nos. 1 and 21. Given the information before the court, the court cannot say that Plaintiff failed to exhaust his "available" remedies or that Defendants did not frustrate his efforts at exhausting same. *See Taylor v. Barnett*, 105 F.Supp.2d 483, 486 (E.D. Va. 2000).

**2. Eighth Amendment**

Plaintiff must confront Defendants' summary judgment motion with an affidavit or other

similar evidence showing that there is a genuine issue for trial.[2]  This he has done.  There are genuine disputes of material fact concerning Plaintiff's return to his cell on July 30, 2008.  Defendants deny any force was used against Plaintiff. Plaintiff has provided his own affidavit detailing the assault and has also provided affidavits of inmates on the tier who allegedly witnessed the event.  Paper No. 1. Questions remain as to whether an assault occurred, and if so, the amount of force applied, the necessity for the force, and the injuries sustained as a result of the altercation.  Further, if the force were applied in the manner alleged by Plaintiff, qualified immunity would not apply.

---

[2] A claim of excessive force involves both objective and subjective elements. *See Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998). The subjective element is analyzed to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)  The objective element is met if the officers' actions were harmful enough to offend contemporary standards of decency. *Id*. at 8.  In making these determinations, a court must look at the need for the application of force, the relationship between the need and the amount of force applied, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981).  However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).  Thus, in an Eighth Amendment claim based on prison conditions, a prisoner must prove that prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (quotations omitted).  Specifically, prison officials must consciously disregard a substantial risk of serious harm to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 32  (1993). Moreover, "on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

Accordingly, summary judgment cannot be granted at this time. All pending motions shall be denied without prejudice. Counsel shall be appointed for Plaintiff. A separate Order follows.


 _8/5/09_                                                                  _____/s/_____
Date                                                             DEBORAH K. CHASANOW
                                                                United States District Judge